IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| NORMAN L. SCOTT, SR.<br><br>v.<br><br>THE CHILDREN'S HOSPITAL OF PHILADELPHIA | CIVIL ACTION<br><br>NO. 21-5067 |
|---|---|
| NORMAN L. SCOTT, SR.<br><br>v.<br><br>THE CHILDREN'S HOSPITAL OF PHILADELPHIA | CIVIL ACTION<br><br>NO. 22-4582 |

<u>MEMORANDUM</u>

Baylson, J.                                                                                  February 6, 2024

## I. SUMMARY OF CLAIM

Plaintiff Norman Scott moves to vacate this Court's August 8, 2023 order granting the Motions to Dismiss for Failure to State a Claim filed by Defendant, The Children's Hospital of Pennsylvania (CHOP) in two related cases. For the reasons explained below, the Court will **DENY** both motions.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Scott, a former employee of CHOP, has filed the following three lawsuits against CHOP:

- In Case No. 2:21-cv-05067-MMB (hereinafter "***Scott I***"), filed on November 15, 2021, Scott asserts various employment discrimination claims against CHOP based on alleged race-based disparate pay practices.

- In Case No. 2:22-cv-03654-CMR (hereinafter "***Scott II***"), filed on March 2, 2022, Scott asserts a single count of defamation against CHOP and his former supervisors Whitney Bailey and Donald Glover.

- In Case No. 2:22-cv-04582-MMB (hereinafter "***Scott III***"), filed on November 16, 2022, Scott asserts various employment discrimination claims against CHOP based on CHOP's alleged failure to promote him and its termination of his employment.

Scott began litigating these cases pro se. On May 9, 2023, Judge Baylson appointed counsel, Roderic L. Foxworth, Jr., Esquire, in *Scott I* and *Scott III*. <u>See</u> *Scott I*, ECF 32; *Scott III*, ECF 14. Scott, acting pro se, also filed a Chapter 7 bankruptcy petition in the District of New Jersey, as of December 5, 2022. The procedural history for each case is as follows.

**A. Scott I – 2:21-cv-05067-MMB**

Scott filed a charge of discrimination with the Philadelphia Commission on Human Relations (PCHR) in or about June 2019, dual-filed with the U.S. Equal Employment Opportunity Commission (EEOC). *Scott I*, ECF 14-2, Exhibit A. In the PCHR charge, Scott asserted claims of race-based disparate pay. <u>Id</u>. The PCHR dismissed the charge in April 2021, finding it was not substantiated. *Scott I*, ECF 14-2, Exhibit B. The EEOC adopted the PCHR's finding and issued Scott a Notice Right to Sue on August 18, 2021. *Scott I*, ECF 14-2, Exhibit C.

On November 15, 2021, Scott filed a pro se complaint in the Eastern District of Pennsylvania, asserting sex, race, age, disability, harassment, and retaliation claims. *Scott I*, ECF 2. He sought back pay, front pay, compensatory, and punitive damages. <u>Id</u>. at 6. Prior to judge Baylson appointing Counsel, Scott thrice amended his Complaint (without leave of Court) in response to CHOP's repeated Motions to Dismiss. *Scott I*, ECF 20, 23, 26. CHOP likewise then filed a Partial Motion to Dismiss on April 26, 2023. *Scott I*, ECF 30.

On May 10, 2023, the Court appointed Roderick L. Foxworth as counsel for Plaintiff. *Scott I*, ECF 32. On May 19, 2023, the Court ordered Scott to file a response to CHOP's Motion for Partial Dismissal by June 9, 2023. *Scott I*, ECF 35.

Prior to Scott complying with this order, CHOP then filed a Motion to Dismiss Based on Judicial Estoppel. *Scott* I, ECF 36. Shortly thereafter, instead of responding to either motion, Scott, by counsel, filed a Fourth Amended Complaint with leave of this Court. *Scott I*, ECF 38. CHOP then promptly moved to dismiss Scott's Fourth Amended Complaint. *Scott I*, ECF 42.

Although represented by counsel, Scott never filed a response to this Motion to Dismiss. Accordingly, following a telephone conference with the parties, this Court ultimately granted CHOP's Motion to Dismiss for Failure to State a Claim without prejudice on August 10, 2023. *Scott I*, ECF 48. The Court describes that dismissal in more detail below.

On September 1, 2023, Scott appealed to the Third Circuit. *Scott I*, ECF 49. That appeal remains pending. See Norman Scott, Sr. v. Childrens Hospital, COA Dkt. No. 23-2609. Nonetheless, Scott's counsel recently filed a letter, ECF 51, asking this Court to reopen his two cases. Shortly after sending this letter, Scott filed a formal Motion to Vacate on the same grounds, *Scott 1*, ECF 52, to which CHOP replied on November 11, 2023, *Scott I*, ECF 53. Specifically, Scott asserts that while both cases, *Scott I* and *Scott III*, were dismissed "based on judicial estoppel because, [Scott], in his bankruptcy petition, incorrectly answered that he did not have any pending lawsuits," the bankruptcy court has since "granted the [Scott's] motion and reopened his bankruptcy" and "[Scott] amended his bankruptcy petition to properly reflect the open lawsuits pending before this Court." *Scott 1*, ECF 51.

**B. Scott II – 2:22-cv-03654-CMR**

On March 2, 2022, Scott filed a pro se Complaint in the District of New Jersey, asserting one count of defamation against CHOP and his two former supervisors, Whitney Bailey and Donald Glover. *Scott II*, ECF 1.

3

On September 8, 2022, the District of New Jersey *sua sponte* transferred the case to the Eastern District of Pennsylvania, after which case was assigned to Judge Rufe. *Scott II*, ECF 9.

On January 10, 2023, CHOP and Bailey filed a Motion to Dismiss Plaintiff's Complaint in *Scott II* its entirety for failure to state a claim. *Scott II*, ECF 17. On June 2, 2023, CHOP and Bailey then filed a Motion to Dismiss Based on Judicial Estoppel, as in *Scott I*. *Scott II*, ECF 21. Scott did not respond, but instead filed an Amended Complaint on November 28, 2023. *Scott II*, ECF 27. Defendants moved to dismiss this Amended Complaint on December 13, 2023. *Scott II*, ECF 29. This motion remains pending before Judge Rufe. As such, it is not relevant for the these two cases.

### C. Scott III – 2:22-cv-04582-MMB

Lastly, on July 1, 2022, Scott filed a separate, second charge of discrimination with the EEOC and PHRC, alleging race discrimination in connection with his <u>termination</u> of employment from CHOP in April 2021. *Scott III*, ECF 2 at 7-8.

On August 24, 2022, the EEOC issued a Dismissal and Notice of Right to Sue. <u>Id.</u> at 9.

On November 16, 2022, Scott filed a pro se Complaint in the Eastern District of Pennsylvania. *Scott III*, ECF 2. In his Complaint, Scott asserts claims of race, national origin, sex, disability, and age discrimination, among others. <u>Id.</u> He seeks back pay, front pay, compensatory and punitive damages, as well as attorneys' fees. <u>Id</u>. at 5.

For present purposes, thereafter, *Scott III* essentially merged with *Scott I*. This Court dismissed *Scott I* and *III* on identical estoppel grounds after the same telephone conference, after which Scott filed his letter and Motion to Vacate based on his continued bankruptcy court proceedings on both dockets. The Court describes these bankruptcy proceedings immediately below.

D. **Scott's Parallel Chapter 7 Bankruptcy**

On December 6, 2022, while actively litigating *Scott* I, *Scott* II, and *Scott* III, Scott filed a pro se petition for Chapter 7 Bankruptcy in the United States District Court for the District of New Jersey. *Scott 1*, ECF 36-2, at 7.

On February 14, 2023, Scott filed a "Schedule A/B: Property" form (Official Form 106A/B) with the Bankruptcy Court. Id. at 8. According to the Schedule A/B: Property form's instructions, "[a]ll individuals filing for bankruptcy must list [on the Form] everything they own or have a legal or equitable interest in. Legal or equitable interest is a broad term and includes all kinds of property interests in both tangible and intangible property, whether or not anyone else has an interest in that property."[2] Id. The Form expressly asked Scott whether he had any "[c]laims against third parties, whether or not you filed a lawsuit or made a demand for payment." Id. Scott checked "no," and verified under penalty of perjury the information he provided was accurate. Id. On May 26, 2023, the bankruptcy court discharged Scott's outstanding debt. Id. at 9.

E. **CHOP's Motions to Dismiss for Judicial Estoppel**

As noted above, CHOP then simultaneously moved to dismiss Scott's claims in Scott I, II, and III on identical grounds of judicial estoppel. *Scott* I, ECF 36; *Scott* III, ECF 21. As CHOP explains

> In December 2022, with [this lawsuit] actively pending, Mr. Scott filed for Chapter 7 bankruptcy. In his bankruptcy filings, Mr. Scott was required to disclose to the Bankruptcy Court all assets he had, including any pending lawsuits, so that the Bankruptcy Court could determine the complete scope and extent of his assets and liabilities. In the bankruptcy proceeding, Mr. Scott was asked directly whether he had any assets in the form of "[c]laims against third parties, whether or not [he has] filed a lawsuit or made a demand for payment, [including any] employment disputes . . . or rights to sue." Under penalty of perjury, Mr. Scott replied "No." Based on this

5

>(mis)representation, the Bankruptcy Court discharged over $638,000 of debts Mr. Scott owed to his creditors.

Id. Accordingly, CHOP contended that Scott was judicially estopped from bringing this claim, as Courts routinely "apply judicial estoppel to preclude a bankruptcy debtor who has failed to disclose a pending claim during bankruptcy proceedings from later asserting and potentially profiting off that claim." *Scott* III, ECF 21-2 at 10 (citing to Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp., 337 F.3d 314, 323 (3rd Cir. 2003).

As noted, a few weeks later, Scott appealed this Court's dismissal on those grounds to the Third Circuit. With that appeal still pending, he has filed the present Motion to Vacate this Court's Order granting the Motions to Dismiss. *Scott I*, ECF 52; *Scott III*, ECF 31. CHOP has filed a Response in Opposition. *Scott I*, ECF 53; *Scott III*, ECF 32.

### III.  PARTIES' CONTENTIONS

In his Motion to Vacate this Court's Order granting the Motions to Dismiss ("Dismissal Order"), Scott admits that he incorrectly stated that he did not have any pending lawsuits on his bankruptcy petition form, but that this inadvertent disclosure was made in good faith. *Scott I*, ECF 52 at 5; *Scott III*, ECF 31 at 5. Scott argues that his answer on the bankruptcy form was not intended to mislead or manipulate the bankruptcy proceeding, and thus does not warrant administering the "strong medicine" of judicial estoppel. Id. Scott notes that after he filed a Motion to Reopen the Bankruptcy Action, the Bankruptcy Court subsequently reopened the bankruptcy action, and Scott has since amended the bankruptcy petition to properly reflect the lawsuits pending before this Court. Id.

In its Response in Opposition, CHOP argues that the Court's Dismissal Order is a final order, and Scott cannot satisfy the requirements of Federal Rule of Civil Procedure 60(b) to vacate it. *Scott I*, ECF 53 at 5-6, *Scott III*, ECF 32 at 5-6. CHOP asserts that, while an order dismissing

6

a complaint without prejudice is not a final order if the plaintiff can cure the deficiency and refile the complaint, Scott here cannot cure the deficiency because the statutes of limitations on Scott's claims have run.  Id.   CHOP argues that the Court's Order dismissing Scott's cases without prejudice is therefore a final order and may be set aside only if Scott demonstrates he satisfies Rule 60(b)'s requirements to vacate, which he cannot.  Id. at 8-13.

IV. DISCUSSION

### a. This Court's Dismissal Order is a Final Order

"Ordinarily, an order dismissing a complaint without prejudice is not a final and appealable order as long as the plaintiff may cure the deficiency and refile the complaint." Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002).   However, "if the plaintiff cannot cure the deficiency, an order dismissing a complaint without prejudice is a final and appealable order." Id. A Plaintiff cannot cure the deficiency where "the statute of limitations has run by the time the court orders dismissal without prejudice." Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005).  As the Third Circuit has made clear, a "statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice," as "the original complaint is treated as if it never existed."  Id. (citing Cardio-Medical Assocs. V. Crozer-Chester Med. Ctr., 721 F.2d 68, 77 (3d Cir. 1983)). "Therefore, the dismissal of a complaint without prejudice after the statute of limitations has run forecloses the plaintiff's ability to remedy the deficiency underlying the dismissal and refile the complaint." Id. (citing Ahmed, 297 F.3d at 207).  In such circumstances, "the order dismissing the complaint without prejudice is considered a final and appealable order." Id.

Here, this Court's Dismissal Order of Scott I and Scott II was without prejudice.  As such, it is not a final and appealable order unless the statutes of limitations had run on Scott's claims by

the time this Court issued its Dismissal Order. As discussed below, CHOP is correct that the statutes of limitations had expired on Scott's claims.

**Scott I (21-cv-5067).** In *Scott I*, Scott alleges disparate pay practices based on race during his employment with CHOP in violation of Title VII of the Civil Rights Act of 1964 ("Title IV") and the Pennsylvania Human Relations Act ("PHRA"). A Title VII claim is timely when a plaintiff brings a complaint in district court within ninety days of receiving notice of right to sue from the EEOC. 42 U.S.C. § 2000e–5(f)(1). A PHRA claim is timely when a plaintiff brings a complaint within two years of receiving a notice of dismissal from the Pennsylvania Human Relations Commission ("PHRC') or from the local commission that investigated the administrative complaint. 43 Pa. C.S. §§ 962.1(d), 962(c)(2).

Here, Scott received a Notice of Right to Sue from the EEOC on August 21, 2021. *Scott I*, ECF 40 ¶ 7. The Philadelphia Commission on Human Relations ("PCHR"), which was the local commission that investigated Scott's administrative complained, issued Scott a Dismissal and Notice of Rights on April 30, 2021. *Scott I,* ECF 42-3, Ex. B. As such, Scott's initial Complaint—filed on November 15, 2021—was timely. However, this Court dismissed Scott's Fourth Amended Complaint on August 10, 2023, by which time the statute of limitations on his claims had run. Thus, this Court's "dismissal of [Scott's] complaint without prejudice after the statute of limitations has run forecloses th[is] plaintiff's ability to remedy the deficiency underlying the dismissal." Brennan, 407 F.3d at 606. "In these circumstances, the order dismissing the complaint without prejudice is considered a final and appealable order." Id.

**Scott III (22-cv-04582).** In *Scott III*, Scott alleges discrimination under Title VII, the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA").

8

In his Complaint, Mr. Scott alleges that the latest date CHOP discriminated against him in violation of these laws is April 9, 2021. (22-cv-4582, ECF 2, pp. 3, 7 of 11).

Title VII required Scott to file an administrative charge with the EEOC within 300 days of April 9, 2021. 42. U.S.C. § 2000e-5(e)(1); Watson v. Eastman Kodak Co., 235 F.3d 851, 854-55 (3d Cir. 2000). The ADA and the ADEA require the same. See Aubrey v. City of Bethlehem, Fire Dept., 466 Fed. Appx. 88 (3d Cir. 2012) ("In order for [Plaintiff]'s [ADA] claims to be timely, the alleged unlawful employment practice would have needed to occur and to have been communicated to him…within 300 days prior to filing his [ ] Charge of Discrimination with the EEOC); see also Ruehl v. Viacom, Inc., 500 F.3d 375, 382 (3d Cir. 2007) ("Generally, a judicial complaint under the ADEA will be dismissed for failure to exhaust administrative remedies if a supporting EEOC charge was not filed within 180 or 300 days (depending on state law) of notification to the employee of the adverse employment action.").

Here, Scott filed a charge with the EEOC on July 1, 2022, which was 448 days after April 9, 2021. As such, Scott's claims were time barred at the time this Court dismissed the case, and this Court's order dismissing Scott's claims without prejudice must be considered a final order. Having determined that the Dismissal Order is final, this Court next analyzes whether Rule 60(b) provides Scott relief from this final judgment.

### b. Rule 60(b) Analysis

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Rule 60(b), in relevant part, reads, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect;…(6) any other reason that justifies relief."

9

Fed. R. Civ. P. 60(b). "Neither ignorance nor carelessness on the part of a litigant or his attorney provide grounds for relief under Rule 60(b)(1)." Andrews v. Time, Inc., 690 F. Supp. 362, 364 (E.D.Pa. 1988) (quoting Ben Sager Chemicals Int'l v. E. Targosz & Co., 560 F.2d 805, 809 (7th Cir. 1977)).

Scott argues that judicial estoppel is not warranted here where he "incorrectly answered that he did not have any pending lawsuits" in his bankruptcy action. *Scott III*, ECF 31 at 5. He characterizes his failure to respond accurately as "a careless, and inadvertent nondisclosure made in good faith." (21-cv-5067, ECF 52; 22-cv-4582, ECF 31). Scott's argument that he made "a careless, and inadvertent nondisclosure" in "good faith" is insufficient to warrant relief under Rule 60(b)(1) where "[n]either ignorance nor carelessness on the part of a litigant" provides grounds for such relief. Andrews, 690 F. Supp. at 364.

Scott similarly fails to establish that relief is warranted under Rule 60(b)(6). "Rule 60(b)(6) is a catchall provision which allows a court to relieve a party from the effects of an order for 'any other reason justifying relief from the operation of the judgment.'" Coltec Inds., Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002). However, "a party seeking Rule 60(b)(6) relief must demonstrate the existence of 'extraordinary circumstances' that justify reopening the judgment." Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008). "This requirement exists in order to balance the broad language of Rule 60(b)(6), which allows courts to set aside judgments for 'any' reason justifying relief, with the interest in the finality of judgments." Id. To show "extraordinary circumstances," a movant must demonstrate "an extreme and unexpected hardship will result" if the order is not vacated. Sickman v. Flower Foods/Tasty Baking Co., 2021 WL 4592846, at *4 (E.D. Pa. Oct. 6, 2021) (Baylson, J.) (citing Budget Blinds, 536 F.3d at 255).

"To demonstrate the type of extraordinary circumstances required to justify relief under Rule 60(b)(6), it must generally appear that the movant is completely without fault for his or her predicament; that is, the movant was almost unable to have taken any steps that would have resulted in preventing the judgment from which relief is sought." Taylor v. Chevrolet Motor Div. of Gen. Motors Corp., 1998 WL 288434, at *3 (E.D.Pa. June 3, 1998) (quoting 12 James Wm. Moore, Moore's Federal Practice, Section 60.48[3][c] (3d ed. 1998) (internal quotations omitted).

Scott has not demonstrated the existence of any "extraordinary circumstances" to justify reopening the case here. Indeed, where the statutes of limitations have run on all of Scott's claims, the dismissal of Scott's claims are neither "extreme" nor "unexpected." It would be futile to reopen a case that is time barred. Furthermore, it cannot be said that Scott is "completely without fault for his [ ] predicament." Chevrolet, 1998 WL 288434, at *3. This Court's Dismissal Order was motivated, in part, by judicial estoppel due to Scott's own misstatements on his bankruptcy form. Additionally, Scott and his counsel's dilatory conduct throughout the litigation—principally, repeated failure to respond to CHOP's multiple motions to dismiss and ignoring this Court's orders and deadlines resulting in substantial delays in adjudication—contributed to the case's dismissal.

## V. CONCLUSION

For the foregoing reasons, this Court denies Scott's Motions to Vacate the Dismissal Order. An appropriate order follows.

O:\CIVIL 21\21-5067 Scott v. CHOP\21cv5067 and 22cv4582 memorandum re motion to vacate mtd.docx